UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP C. ROGERS,

    Plaintiff,

v.

RUSHMORE MARKETING SERVICES LLC
d/b/a Text4MMJ,
MICHAEL LEE KIEFFER, and
HELEN MARGARET FITZGERALD,

    Defendants.
_____/

## **COMPLAINT**

**I. Introduction**

    1.    This is an action for damages brought by plaintiff Phillip C. Rogers against Defendants for sending at least thirty-seven (37) unsolicited text messages to Plaintiff's cellular telephone, offering to sell Plaintiff marijuana, and violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

    2.    The TCPA prohibits a person or its agent from calling or sending a text advertisement to a cellular telephone without the recipient's prior express invitation or permission. The TCPA provides a private right of action and a minimum award of damages in the liquidated amount of $500.00 per violation, which may be trebled to $1,500.00 per violation for willful violations.

    3.    Unsolicited text messages cause actual damage to the recipient. Unsolicited text messages cause the recipient to incur actual money damages when the text messages consume the allotment of prepaid minutes, text messages and data that have been purchased by the recipient. Unsolicited text messages waste the recipient's

1

time that could have been spent on something else, rather than reviewing and deleting the unsolicited text messages. Unsolicited text messages invade and interrupt the recipient's privacy and workday.

## II. Jurisdiction

4. This court has jurisdiction under 47 U.S.C. § 227 (TCPA) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the unsolicited text messages were received, and the resulting injury occurred, in Kent County, Michigan.

## III. Parties

5. Plaintiff Phillip C. Rogers is an adult natural person residing in Kent County, Michigan.

6. Defendant Rushmore Marketing Services LLC ("Rushmore") is a Colorado limited liability company, formed on or about August 21, 2014, and purports to be doing business at 4324 South Eagle Circle, Aurora, Colorado 80015. Previously, Rushmore purportedly did business at 3044 South Estes Court, Lakewood, Colorado 80015. Rushmore's principal office mailing address is P.O. Box 27063, Denver, Colorado 80015. Rushmore is managed by Defendants Michael Lee Kieffer and Helen Margaret Fitzgerald. Additionally, Ms. Fitzgerald serves as the registered agent for Rushmore.

7. Rushmore maintains an internet domain name, www.rushmoremarketingservices.com, which links to an active internet website. The website offers SMS texting services and includes a link to Rushmore's Facebook page at https://www.facebook.com/Rushmore-Marketing-Services-789858964423323, containing the following Rushmore contact information:

2

a. 720-289-2000;

b. prinefan354@gmail.com; and

c. www.rushmoremarketingservices.com.

8. Rushmore also maintains another internet domain, www.text4mmj.com, which links to an active internet website that offers SMS texting services and states:

> TextMMJ is the #1 provider in the Medical and Recreational Industry!
>
> We are direct marketing experts! Our clients are direct marking geniuses and all of this adds up millions of dollars in revenue every year and billions in sales over the last 20+ years.
>
> We have fine-tuned our platform for the Medical and Recreational Dispensaries. Fortune 100 companies are reaping the benefits of SMS services and so should you. 93% of text messages are opened within 70 seconds of receipt. But you're not 7-11 or Coke. That's where we shine!
>
> Understanding that the carriers themselves have an issue with the 'content' of a message initiated by a MMJ establishment is the first step to being fully compliant and successful. Some companies try to fool the carriers by 'blasting' messages out on hundreds of different numbers as not to draw attention to themselves. Not good, and very confusing to your customers. (who's texting me from Baton Rouge?) Using our proven opt-in kiosk in your shop you will never have to worry about the FCC asking questions about your TEXT going to someone it shouldn't have. Hundreds of our clients will tell you our platform is affordable, easy to navigate and most important compliant.

The website provides the following contact information – Address: PO Box 27053, Denver, Colorado 80227; Phone: 720-289-2000; Email: michael@text4mmj.com. The website links to another Rushmore Facebook page at https://www.facebook.com/text4mmj, containing the following Rushmore contact information:

a. 720-289-2000;

b. www.text4mmj.com; and

3

      c. [michael@text4mmj.com](michael@text4mmj.com). (Defendant Michael Lee Kieffer's email address).

9. On October 9, 2014, Rushmore published on its text4mmj Facebook page that non-party Elevated Dreams Collective is one of its clients. ([https://www.facebook.com/text4mmj/posts/542619945874764](https://www.facebook.com/text4mmj/posts/542619945874764)).

10. On December 22, 2014, Rushmore published on its text4mmj Facebook page an advertisement for its SMS services. Specifically, it stated to call Defendants "Michael or Helen at 720-289-2000."
(https://www.facebook.com/text4mmj/posts/576584385811653).

11. Defendant Michael Lee Kieffer is a natural person, age 58, purportedly residing at 30906 Bluff Road, Volin, South Dakota 57072. Mr. Kieffer also has resided at 3775 High Court, Wheat Ridge, Colorado 80033 and 4324 South Eagle Circle, Aurora, Colorado 80015. Mr. Kieffer is an owner, officer, member, manager, employee and agent of Rushmore. Mr. Kieffer is responsible for designing, implementing, overseeing, and participating in, the marketing strategy that was used to send unsolicited text messages to Plaintiff's cellular telephone. Mr. Kieffer participated in the decision to send unsolicited text messages to Plaintiff's cellular telephone. Mr. Kieffer participated in the process of sending unsolicited text messages to Plaintiff's cellular telephone.

12. Defendant Helen Margaret Fitzgerald is a natural person, age 47, purportedly residing at 30906 Bluff Road, Volin, South Dakota 57072. Ms. Fitzgerald also purports to reside at 4325 South Eagle Circle, Aurora, Colorado 80015. Ms. Fitzgerald has also resided at 3044 South Estes Court, Lakewood, Colorado 80227. Ms. Fitzgerald is an owner, officer, member, manager, employee and agent of Rushmore. Ms.

Fitzgerald is responsible for designing, implementing, overseeing, and participating in, the marketing strategy that was used to send unsolicited text messages to Plaintiff's cellular telephone. Ms. Fitzgerald participated in the decision to send unsolicited text messages to Plaintiff's cellular telephone. Ms. Fitzgerald participated in the process of sending unsolicited text messages to Plaintiff's cellular telephone.

13. The Marketing Defendants operated together as a common enterprise to run one or more advertising campaigns to market the sale of marijuana to people across the country by sending text messages to cellular telephones, including the sending of multiple unsolicited text messages to Plaintiff's cellular telephone.

**IV. Facts**

14. In or about August of 2018, Plaintiff purchased and activated a new cellular telephone. Plaintiff's telecommunications carrier randomly assigned a cellular telephone number (310-425-2905) to Plaintiff and his new cellular telephone.

15. In the same month that Plaintiff obtained and activated his new cellular telephone, Plaintiff began to receive frequent, unsolicited text messages, containing advertisements offering to sell marijuana.

16. Between August 24, 2018 and April 11, 2019, Defendants and/or their agents, used telephone number 844-420-0099, to send at least six text messages to telephone number 310-425-2905, advertising the sale of marijuana.

17. Between August 24, 2018 and April 11, 2019, Defendants and/or their agents, used telephone number 844-420-3899, to send at least six text messages to telephone number 310-425-2905, advertising the sale of marijuana.

18. Between August 24, 2018 and April 11, 2019, Defendants and/or their agents, used telephone number 800-980-2744, to send at least ten text messages to telephone number 310-425-2905, advertising the sale of marijuana.

19. Between August 24, 2018 and April 11, 2019, Defendants and/or their agents, used telephone number 800-956-7784, to send at least ten text messages to telephone number 310-425-2905, advertising the sale of marijuana.

20. Between August 24, 2018 and April 11, 2019, Defendants and/or their agents, used telephone number 562-740-8492, to send at least four text messages to telephone number 310-425-2905, advertising the sale of marijuana.

21. Between August 24, 2018 and April 11, 2019, Defendants and/or their agents, used telephone number 855-908-7044, to send at least one text message to telephone number 310-425-2905, advertising the sale of marijuana.

22. Between August 24, 2018 and April 11, 2019, thirty-seven or more unsolicited text messages were received by Plaintiff's cellular telephone, number 310-425-2905, advertising the sale of marijuana sales, despite the fact that Plaintiff did not consent to receive any of the text messages that were sent to Plaintiff's cellular telephone, and despite the fact that Plaintiff has never had any business relationship with Defendants, or Defendants agents or employees, or any entity offering to sell marijuana as advertised in the text messages.

23. A log for the thirty-seven calls and text messages, with dates, times, telephone numbers, and other content, is attached as Exhibit A.

24. Each text message showed up on the display of Plaintiff's cellular telephone merely as a "New Message." To view the name of the sender and content of

6

each message, Plaintiff was required to use his prepaid minutes and incur actual money damages.

25.     Defendants and/or their agents used telephone number 844-420-0099 to call Plaintiff's cellular telephone number and send one or more SMS text messages to Plaintiff's cellular telephone.

26.     Defendants and/or their agents used telephone number 844-420-3899 to call Plaintiff's cellular telephone number and send one or more SMS text messages to Plaintiff's cellular telephone.

27.     Defendants and/or their agents used telephone number 800-980-2744 to call Plaintiff's cellular telephone number and send one or more SMS text messages to Plaintiff's cellular telephone.

28.     Defendants and/or their agents used telephone number 800-956-7784 to call Plaintiff's cellular telephone number and send one or more SMS text messages to Plaintiff's cellular telephone.

29.     Defendants and/or their agents used telephone number 562-740-8492 to call Plaintiff's cellular telephone number and send one or more SMS text messages to Plaintiff's cellular telephone.

30.     Defendants and/or their agents used telephone number 855-908-7044 to call Plaintiff's cellular telephone number and send one or more SMS text messages to Plaintiff's cellular telephone.

31.     Defendants have used the following telephone numbers to call and send SMS text messages to consumers across the country: 800-283-4047; 800-283-4719; 800-283-9126; 800-420-1034; 800-420-1390; 800-420-6352; 800-496-6299; 800-524-0906;

800-956-7784; 800-980-2744; 833-420-0050; 833-740-4363; 844-420-0099; 844-420-3899; 844-420-4376; 855-420-0400; 855-420-1110; 855-908-7044; 866-420-2620; 866-420-5325; 866-420-7217; 877-420-2722; 888-202-0230; 888-202-1137; 888-202-9250; 888-204-9624; 888-206-7076; 888-206-9109; 888-207-9912; 888-209-3284; 888-212-3482; 888-262-2240; 888-371-1311; 888-420-0047; 888-420-0466; 888-420-0805; 888-420-2030; 888-420-2150; 888-420-2402; 888-420-3326; 888-420-4208; 888-420-8005; 888-420-9940.

32. Some of the unsolicited text messages sent to Plaintiff's cellular telephone contained cryptic and incomplete information regarding the identification of the marijuana vendor whose products were being advertised, such as:

    a. **"**GT-108 N TUSTIN AVE ANAHEIM;"

    b. "SKY-108 N TUSTIN AVE ANAHEIM;"

    c. "SKYHIGH-108 N TUSTIN ANAHEIM;"

    d. "GT-1512 S EUCLID ANAHEIM;"

    e. "1907 N MAIN ST SANTA ANA CA;"

    f. "THE HEALTH CENTER 1240 N JEFFERSON ST UNIT D ANAHEIM;"

    g. "THC 1240 N JEFFERSON ST UNIT D ANAHEIM CA 92807 7143807999;"

    h. "1906 S MAIN ST SANTA ANA 7143938306;"

    i. "SKYHIGH DELIVERY 7142305075;" and

    j. "611 S Harbor Blvd Fullerton CA."

33. Upon information and belief, every marijuana vendor whose products were being advertised in the text messages sent to Plaintiff's cellular telephone are in the State of California.

34. None of the text messages received by Plaintiff and advertising the sale of marijuana included a licensee's license number to enable Plaintiff to verify the identity of the advertiser.

35. California law states: "All [marijuana] advertisements and marketing shall accurately and legibly identify the licensee responsible for the content, by adding, at a minimum, the licensee's license number." Cal. Bus. & Prof. Code § 26151(a)(1). The California Bureau of Cannabis Control has Disciplinary Guidelines for violations of § 26151. The guidelines suggest a suspension or revocation of the marijuana license and/or a fine ranging from $1,000 to $250,000 depending on the type of license for a violation of § 26151. *California Bureau of Cannabis Control Disciplinary Guidelines* (rel. Nov. 2017), https://www.bcc.ca.gov/law_regs/bcc_disciplinary_guidelines. Defendants have violated § 26151 at least thirty-seven times in the unlawful text messages sent to Plaintiff's cellular telephone advertising the sale of marijuana by California entities.

36. SMS text messages are subject to the same consumer protections under the TCPA as voice calls. *In re Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72, ¶ 107 (rel. July 10, 2015), https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (the "2015 FCC Order").

37. Defendants and/or their agents used an "automatic telephone dialing system," as the phrase is defined and used in the TCPA, to make calls and send the SMS text messages to Plaintiff's cellular telephone. Specifically, the equipment used to make calls and send the SMS text messages to Plaintiff's cellular telephone had the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator, and (b) to dial such numbers. See 47 U.S.C. § 227(a)(1).

38. Equipment used to originate Internet-to-phone text messages to wireless numbers via email or via a wireless carrier's web portal is an "automatic telephone dialing system" as the phrase is defined and used in the TCPA, and therefore calls made using the equipment require consent. 2015 FCC Order, ¶¶ 108-122.

39. None of the above-described calls made by Defendants and/or their agents to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

40. None of the above-described text messages sent by Defendants and/or their agents to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

41. Defendants did not obtain Plaintiff's "prior express consent" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to make the above-described calls to Plaintiff's cellular telephone.

42. Defendants did not obtain Plaintiff's "prior express consent" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to send the above-described text messages to Plaintiff's cellular telephone.

43. Defendants did not obtain Plaintiff's "prior express invitation or permission" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to make the above-described calls to Plaintiff's cellular telephone.

44. Defendants did not obtain Plaintiff's "prior express invitation or permission" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to send the above-described text messages to Plaintiff's cellular telephone.

45. Plaintiff has never had an "established business relationship," as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(B), with Defendants or with any of the entities whose products were advertised in the text messages sent to Plaintiff's cellular telephone.

46. Defendants are not a "tax exempt nonprofit organization" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(C).

47. Defendants made the above-described calls to Plaintiff's cellular telephone and sent the above-described text messages to Plaintiff's cellular telephone for the purpose of encouraging the recipient of the calls and text messages to purchase marijuana from Defendants and/or Defendants' clients.

48. Each text message sent by Defendants to Plaintiff's cellular telephone was an "unsolicited advertisement" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(5), because each text message was comprised of material, advertising the commercial availability or quality of property, goods, or services, which was transmitted to Plaintiff's cellular telephone without Plaintiff's prior express invitation or permission, in writing or otherwise.

49. Defendants and/or Defendants' agents used an automatic telephone dialing system to make the described calls and send the described text messages to Plaintiff's cellular telephone. The calls were not for emergency purposes and the calls were not made with the prior express consent of the called party. Accordingly, Defendants and Defendants' agents violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

50. "When the new subscriber to a reassigned number has not consented to the calls to that number, the caller may reasonably be considered to have constructive knowledge – if not actual knowledge – of the revocation of consent provided by the original subscriber to the number when the caller makes the first call without reaching the original subscriber. . . . [T]he opportunity for callers engaged in best practices to avoid liability for the first call following reassignment acknowledges callers' need for a reasonable opportunity to discover a reassignment using available tools, while ensuring that those callers who have not taken steps available to avoid making calls to reassigned numbers do not have, effectively, the ability to make unlimited calls in a manner that contravenes the consumer protection goals of the TCPA. . . . Calls to wireless numbers, where the caller does not have the consent of the called party – meaning the current subscriber or customary user, as defined above – violate the TCPA, absent [an emergency purposes or prior express consent of the called party]." 2015 FCC Order, ¶¶ 85-93

51. Defendants made each of the described calls and sent each of the described text messages to Plaintiff's cellular telephone.

52. Alternatively, Defendants' agents, cloaked with actual and apparent authority, made the calls and sent the text messages to Plaintiff's cellular telephone.

53. Defendants willfully and knowingly violated the TCPA.

54. As an actual and proximate result of the acts and omissions of Defendants and their employees and agents, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, periodic loss of the use of his cellular telephone, annoyance, aggravation, invasion of his privacy, and violation of his right as created by Congress to be free from Defendants' unsolicited telephone calls and text message advertisements and intrusion in Plaintiff's life, for which Plaintiff should be compensated in an amount to be established by the Court and at trial.

## V. Claims for Relief

### Count 1 – Telephone Consumer Protection Act

55. Plaintiff incorporates the foregoing paragraphs by reference.

56. Defendants have violated the TCPA. Defendants' violations of the TCPA include, but are not necessarily limited to, the following:

    a) Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore**, Plaintiff seeks judgment against all Defendants, jointly and severally, for:

    a) Damages in the amount of $500.00 for each call made and text message sent by Defendants and/or Defendants' agents to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(B);

    b) Treble damages, calculated as $1,500.00 per call made and text message sent by Defendants and/or Defendants' agents to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3);

    c) An injunction requiring Defendants and/or Defendants' agents to cease calling and cease sending text messages to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(A);

      d)      Costs of this action; and

      e)      Such other and further relief as the Court deems just and proper.

Dated: April 16, 2019                                      /s/ Phillip C. Rogers
                                                                                     Phillip C. Rogers (P34356)
                                                                                      Plaintiff
                                                                                      6140 28th Street SE, Suite 115
                                                                                      Grand Rapids, MI 49546
                                                                                      (616) 776-1176
                                                                                      ConsumerLawyer@aol.com