# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PHILLIP C. ROGERS,

    Plaintiff,

v.

RUSHMORE MARKETING
SERVICES, LLC
D/B/A TEXT4MMJ,
MICHAEL LEE KIEFFER, and
HELEN MARGARET FITZGERALD,

    Defendants.

_____/

Case No. 1:19-cv-289

Hon. Paul L. Maloney

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Phillip C. Rogers (P34356)

Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
Ph. (616)776-1176

Steven W. Dulan (P54914)

THE LAW OFFICES OF
STEVEN W. DULAN, PLC

Attorney for Defendants
1750 E Grand River Ave, Suite 101
East Lansing, MI 48823
Ph. (517) 333-7132
Fax (517)333-1691

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Rushmore Marketing LLC (hereinafter "Rushmore") is a Limited Liability Company organized in the State of Colorado, with its principal place of business and registered office located at 4324 S. Eagle Cir, Aurora, CO 80015. Rushmore is engaged in the marketing business and provides marketing services. Defendants Helen Margaret Fitzgerald and Michael Lee Kieffer are members of Rushmore Marketing LLC.

### I. The Plaintiff failed to join an indispensable party, Elevated Dreams Collective, under Federal Rules of Civil Procedure 19.

Plaintiff has failed to join one or more required parties in the lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(6), (7) and 19(a)(1)(B)(ii). Plaintiff has failed to join the entity to which Plaintiff alleges Defendants provided marketing services to, Elevated Dreams Collective (hereinafter "Elevated Dreams"). Further, Plaintiff knew of the existence of Elevated Dreams and alleges a business relationship between Elevated Dreams and Defendants, as asserted in Paragraph 9 of his Complaint. There is nothing alleged in Plaintiff's complaint, assuming *arguendo* that the allegations are true, that shows any action that could not have been performed by Elevated Dreams rather than Rushmore. Such entities are required to be joined pursuant to Federal Rules of Civil Procedure 12(b)(6)(7) and 19(a)(1)(B)(ii).

In order to determine that there has been a failure to join a necessary party, the court must first determine "whether a person is necessary to the action." *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763-64 (6th Cir. 1999). Under Rule 19(a), a party is necessary when (1) it is subject to service of process and (2) "in that person's absence, the court cannot accord complete relief," or when the person has a legal interest at issue in the case and "disposing of the

action in the person's absence may ... leave an existing party subject to a substantial risk of incurring double ... or otherwise inconsistent obligations...." Fed. R. Civ. P. 19(a); see *Keewenaw Bay Indian Comm. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993).

This inquiry "stresses the desirability of joining those persons [without whom relief] would be partial or 'hollow' rather than complete .... The interests [include] that of the public in avoiding repeated lawsuits on the same essential subject matter." Fed. R. Civ. P. 19 Committee Note, 1966 amend. (West 2008).

As outlined above Elevated Dreams should have been named in this action. Without joining Elevated Dreams this Court will be unable to accord complete relief and Defendants may be left open to otherwise inconsistent obligations.

Once a party is determined to be necessary, the court must next decide if it is indispensable under Rule 19(b). "[T]here is no prescribed formula for determining whether a party is indispensable...." *Soberay Mach. & Equip. Co.*, 181 F.3d at 765; *Keewenaw Bay Indian Comm.*, 11 F.3d at 1346. Under Rule 19(b), a court considers "four factors: 1) to what extent a judgment rendered in the person's absence might prejudice ... those already parties; 2) the extent to which the prejudice can be lessened or avoided; 3)whether a judgment rendered in the person's absence will be adequate; and 4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Soberay Mach. & Equip. Co.*, 181 F.3d at 764.

Here, each factor weighs in favor of holding that this case cannot proceed. Any judgment against Defendants would be prejudicial. This prejudice can be readily avoided by joining Elevated Dreams to the litigation in the appropriate forum. Lastly, Plaintiff has an adequate remedy if his claims are dismissed. This can be accomplished by allowing the Plaintiff to refile

the case in the proper venue, naming all the proper parties. Here, the absent necessary party is indispensable. Therefore, Defendants request an Order that those entities be joined in this action if they are subject to jurisdiction of this Court. If those entities are not subject to the jurisdiction of this Court, Defendants request that this lawsuit be dismissed.

## II.     Plaintiff failed to state a claim upon which relief can be granted.

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Plaintiff's complaint arises under the Telephone Consumer Protection Act ("TCPA") U.S.C. 42 § 227, which prohibits using a "automatic telephone dialing system" [ATDS] which has the capacity to "to store or produce telephone numbers to be called, using a random or sequential number generator" and which can dial such numbers to "make any call . . . to any telephone number assigned to a . . . cellular telephone service." 42 U.S.C. § 227(a)-(b)(1)(iii). However, Plaintiff fails to allege sufficient facts to support his claim, by failing to demonstrate that text messages he received had any indication that they originated from an ATDS. On numerous occasions federal courts have found that allegations merely stating that a defendant used an ATDS are insufficient to state a claim under the TCPA, because such allegations are a mere formulaic recitation of the elements of a TCPA claim**.** *Aikens v. Synchrony Financial d/b/a Synchrony Bank, NO. 15-10058,* 2015 WL 5818911 at 2*.* See also *Trumper v. GE Capital*

4

*Retail Bank*, No. 2:14-cv-01211-WJMMF, 2014 WL 7652994 (D.N.J. July 7, 2014) (granting dismissal with prejudice of amended complaint where plaintiff made "only conclusory allegations that GE placed calls using an automatic telephone dialing system or an artificial or prerecorded voice").

While Plaintiff did provide the content and time of day of the calls, nothing that Plaintiff provided demonstrates the use of an ATDS. Instead, the variety of numbers the messages were sent from, the different locations mentioned in the Complaint, and the variety of the content in the messages points to the conclusion that an ATDS was not used. Contrary to Plaintiff's assertions the nature of the messages actually show that they were sent with voluntary human intervention.

Furthermore, the portion of the 2015 FCC Ruling relied on by Plaintiff has since been set aside by *ACA Int'l v. FCC*, 885 F.3d 687, 691 (D.C. Cir. 2018). The *ACA International* court concluded that, "the Commission's failure . . . requires setting aside . . . its treatment of reassigned numbers more generally." *Id.* at 708. In *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 467 (6th Cir. 2017) (citing *Peck v. Cingular Wireless, LLC*, 535 F.3d 1053, 1057 (9th Cir. 2008) ) the Sixth Circuit recognized that "[o]nce the Multidistrict Litigation Panel assigned petitions challenging the Solicited Fax Rule to the D.C. Circuit, that court became "the sole forum for addressing ... the validity of the FCC's rule[ ]." *Id.* (internal citations omitted). The Eastern District of Michigan held in *Gary v. TrueBlue, Inc.*, 346 F. Supp. 3d 1040, 1043 (E.D. Mich. 2018) that "In short, because of the D.C. Circuit's holding in ACA International, this Court need not defer to the FCC's understanding … under the TCPA." See also *Keyes v. Ocwen Loan Servicing, LLC*, No. 17-cv-11492, 2018 WL 3914707, at *6 (E.D. Mich. Aug. 16, 2018) (holding this Court need not defer to the FCC's declarations regarding the

5

capacity and functions of an automatic telephone dialing system). The same analysis applies in this pending action.

Plaintiff failed to allege sufficient facts to conclude that Defendants took any actions required to initiate or otherwise place a call or send a text message. In the portion of the FCC's 2015 Ruling that was not set aside by *ACA International* the FCC cited their 2013 Ruling stating that:

> "We find persuasive the logic in our *DISH Declaratory Ruling* analysis that "a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." We find that a person who dials the number of the called party or the number of a collect calling service provider in order to reach the called party, rather than the collect calling service provider who simply connects the call, "makes" the call for purposes of the TCPA. 30 FCC Rcd. 7961 (F.C.C.), 30 F.C.C.R. 7961, 62 Communications Reg. (P&F) 1539, 2015 WL 4387780, at 15. (internal citation omitted); *see also id.* at 7983-7984 (holding maker of cloud based texting app did not make or initiate a call when an app user sends a message)."

Plaintiff also requested that damages be awarded to him pursuant to 47 U.S.C § 227(b)3 which provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." In *Duchene v. Onstar*, No. 15-13337, 2016 WL 3997031 at 7 the Eastern District of Michigan held that a "willful or knowing violation of TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant." In this matter Plaintiff has completely failed to allege that Defendants made a willful or knowing violation of TCPA.

For the foregoing reasons, Plaintiff has failed to state a claim for which relief can be granted.

## CONCLUSION

For the reasons set forth above, this civil action should be DISMISSED for Plaintiff's failure to state a claim and failure to join an indispensable party as required under FRCP 19.

                                      Respectfully submitted,

Dated: 6/27/19                                       /s/ Steven W. Dulan
                                                      Steven W. Dulan (P54914)
                                                      The Law Offices of Steven W. Dulan
                                                      1750 E. Grand River., Ste 100
                                                      East Lansing, MI 48823
                                                      swdulan@stevenwdulan.com